**Richard H. PARKER, Sr., Appellant,**

v.

**Lady R. DODGE, Appellee.**

No. 01–02–00014–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 2003.

Richard H. Parker, Jr., Richard Parker & Associates, Houston, TX, for Appellant.

James L. Hordern, Jr., Campbell Harrison & Dagley, L.L.P., Houston, TX, for Appellee.

Panel consists of Justice HEDGES, KEYES, and DUGGAN.*

## OPINION

EVELYN V. KEYES, Justice.

This is an appeal from a summary judgment in favor of appellee, Lady R. Dodge, and against appellant, Richard H. Parker, Sr. We affirm.

### Facts and Procedural Background

On August 31, 1990, or September 7, 1990,[1] Parker executed a promissory note to Dodge which obligated Parker to pay $120,000 with interest to Dodge. Parker was required to pay Dodge $1,000 per month with a balloon payment of $120,000 at the end of 10 years. Parker made one payment to Dodge in December 1990 and made no further payments. Dodge filed a petition in the 280th Judicial District Court on June 29, 2001, seeking damages for Parker's failure to pay.

Dodge filed a motion for summary judgment, which was granted by the trial court on October 1, 2001. Dodge was awarded $218,101.25 in principal, unpaid interest payments, and interest; $50.13 per diem prejudgment interest from October 1, 2001, until the date of judgment; attorney's fees of $5,000; court costs; post-judgment interest of 10% per annum from judgment until payment; and cumulative attorney's fees based on future appellate steps.

### Issues

Parker argues in four issues that (1) summary judgment in favor of Dodge was improper because issues of material fact existed; (2) summary judgment in favor of Dodge was improper because Parker asserted valid affirmative defenses; (3) the award of attorney's fees to Dodge was improper because Dodge failed to show entitlement to summary judgment as a matter of law; and (4) Parker's motion for continuance should have been granted because there was insufficient time for discovery.

### Standard of Review

When a plaintiff moves for summary judgment, it must show that it is entitled to prevail on each element of its cause of action. *Ortega–Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex.App.-Dallas 1992, writ denied). The plaintiff meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial. *Id.* Once the plaintiff establishes its right to summary judgment as a matter of law, the burden then shifts to the defendant as nonmovant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v.*

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The promissory note was dated August 31, 1990 and signed on September 7, 1990. The parties provide no explanation for this discrepancy in the date of execution.

*Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). In reviewing a summary judgment, we accept as true all evidence supporting the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). All inferences are indulged in favor of the nonmovant, and all doubts are resolved in its favor. *Id.*

## Discussion

### Summary Judgment

■ In his first issue, Parker argues that the summary judgment was improperly rendered in favor of Dodge because issues of material fact existed. In his argument, Parker does not point to any evidence in the record that presents a material fact issue. This Court is not required to review a record to marshal an appellant's proof. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 81 (Tex.1989); *Guthrie v. Suiter,* 934 S.W.2d 820, 826 (Tex.App.-Houston [1st Dist.] 1996, no writ). Thus, when presenting summary judgment proof, a party must specifically identify the supporting proof on file which it seeks to have considered. *See Boeker v. Syptak,* 916 S.W.2d 59, 61 (Tex.App.-Houston [1st Dist.] 1996, no writ).

Because Parker failed to point to any evidence in the record that raises a material fact issue, we overrule his first issue.

### Affirmative Defenses

In his second issue, Parker argues that the summary judgment was improperly rendered in favor of Dodge because he asserted valid affirmative defenses of the running of the statute of limitations, laches, and failure of consideration against Dodge's cause of action.

■ If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of material fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Id.* In *Brownlee,* for example, the Texas Supreme Court found that Michael Brownlee's affidavit did not set forth facts that would be admissible into evidence. *Id.* Brownlee merely stated that his contractual obligation had been modified, which was nothing more than a legal conclusion. *Id.* Brownlee's affidavit opposing the motion for summary judgment should have gone further and specified factual matters such as the time, place, and exact nature of the alleged modification. *Id.* Here, Parker's affidavit did not raise an issue of fact on each element of any of his affirmative defenses.

1. Statute of Limitations

■ Parker erroneously relies on Texas Business and Commerce Code § 3.118(b) to argue that the statute of limitations for a demand note is 10 years. Parker incorrectly presumes that the note in question is a demand note. A note is considered payable on demand if it "states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder; or does not state any time of payment." TEX. BUS. & COM.CODE ANN. § 3.108(a) (Vernon 2002). The note in question specifically states a schedule of payments of $1000 in interest "PER MONTH on the first of each month during [the ten year period] commencing on the FIRST (1) day of OCTOBER, 1990, and ... [a] final payment of the principal sum of ... $120,000.00 ... on OCTOBER, 2000." (Emphasis in original.) It is therefore a note "payable at a definite time." TEX. BUS. & COM.CODE ANN. § 3.108(b) (Vernon 2002). The correct statute of limitations for a note payable at a definite time is six years. *Id.* at § 3.118(a). Under section 3.118(a) a party

must commence an action to enforce the obligation within six years after the due date or dates stated in the note. *Id.* Therefore, Dodge is within the six-year statute of limitations for payments due within six years of the date of filing of her petition. Dodge's ability to recover earlier payments is waived.

2. Laches

■ Laches is an equitable doctrine that attempts to prevent injustice against one party that could result when another asserts his demands so long after they matured that evidence has been lost or impaired. *Fazakerly v. Fazakerly,* 996 S.W.2d 260, 265 (Tex.App.-Eastland 1999, pet. denied). For the affirmative defense of laches, Parker had to show that (1) there was an unreasonable delay by Dodge in asserting a legal or equitable right; and (2) a good faith change of position by him to his detriment in reliance upon the delay. *City of Houston v. Muse,* 788 S.W.2d 419, 422 (Tex.App.-Houston [1st Dist.] 1990, no writ).

Parker states that there was no demand for payment and that his last payment was in December 1990, which might be some evidence of delay if the note that Parker signed were a demand note for which the statute of limitations began to run in 1990. As set forth above, however, the note was not a demand note, but a note for a definite period of time with periodic payments ending in October, 2000. This suit was filed in June, 2001, well within the six-year statute of limitations with respect to many of the payments, the rest being waived.

Moreover, Parker did not assert that he changed his position to his detriment in reliance upon any delay by Dodge in collecting the note. His only assertion is that he changed his financial position due to "ordinary circumstances." The changes were that of "getting older, combined with a lesser ability to work." This change of position is not a good faith change of position due to any reliance on any delay by Dodge; it is a change of position caused by the natural course of life. Therefore, Parker did not show a change in position required under the affirmative defense of laches. We hold that Parker failed to raise a material fact issue with respect to his affirmative defense of laches.

3. Failure of Consideration

■ The defense of failure of consideration defeats summary judgment if the nonmovant alleges facts and presents evidence that the consideration in the agreement was not received. *Stewart v. U.S. Leasing Corp.,* 702 S.W.2d 288, 290 (Tex. App.-Houston [1st Dist.] 1985, no writ). Generally, failure of consideration occurs when, because of some supervening cause after an agreement is reached, the promised performance fails. *Id.* A complete failure of consideration constitutes a defense to an action on a written agreement. *Gensco, Inc. v. Transformaciones Metalurgicias Especiales, S.A.,* 666 S.W.2d 549, 553 (Tex.App.-Houston [14th Dist.] 1984, writ dism'd). Parker's argument, though, is not based on failure of consideration, but on adequacy of consideration. Therefore, we will address Parker's argument as one of adequacy of consideration. A court of law normally will not inquire into the adequacy of consideration supporting a contract. *Neeley v. Intercity Mgmt. Corp.,* 623 S.W.2d 942, 953 (Tex.App.-Houston [1st Dist.] 1981, no writ). In the interest of equity, though, a court may inquire into the adequacy of a contract if there is such a gross disparity in the relative values exchanged as to show unconscionability, bad faith, or fraud. *Id.; see also City of Lubbock v. Phillips Petroleum Co.,* 41 S.W.3d 149, 161 (Tex.App.-Amarillo 2000, no pet.); *Martin v. Martin, Martin &*

*Richards, Inc.,* 12 S.W.3d 120, 125 (Tex. App.-Fort Worth 1999, no pet.).

▇▇ Parker argues that he has raised an issue of material fact on his affirmative defense of adequacy of consideration because he agreed to sign the note for $120,000 in order to remove a lien on a piece of property that was worth $8,000. He argues there was insufficient consideration because of the disparity between the amount of the note and the value of the property. Parker stated that "[t]he property had a *net equity* of approximately $8,000." Net equity does not tell us the value of the property, only the value of the property that is not encumbered. Parker admitted in his sworn affidavit that he signed the note to obtain Dodge's release of the lien she had on the property.[2] Here, Parker received a release on the lien against the piece of property for his agreement to pay the note. There is no evidence of the value of the property encumbered by the lien. Under these circumstances, we hold that Parker has not raised a material fact issue as to the adequacy of the consideration.

We overrule Parker's second issue.

*Attorney's Fees*

In his third issue, Parker argues that the award of attorney's fees to Dodge was improper because she failed to show her entitlement to summary judgment as a matter of law. We overruled Parker's first and second issues, finding that Dodge was entitled to summary judgment. Therefore, this argument is moot.

▇▇ Parker further argues that the attorney's fees awarded Dodge were unreasonable. Dodge's attorney, in a sworn affidavit filed with the trial court, stated that a substantial portion of his practice was devoted to collection matters and that he was familiar with the fees charged by attorneys in Harris County. He went on to state what a reasonable fee would be based on an hourly rate of $185. In response to Dodge's attorney's affidavit, Parker's attorney merely stated that the fees were unreasonable and that $22,000 was an unreasonable amount for attorney's fees. Parker provided no other evidence of what would he considered reasonable attorney's fees. We find that Parker failed to raise a material fact issue as to the reasonableness of Dodge's attorney's fees.

We overrule Parker's third issue.

*Motion for Continuance*

▇▇ In his fourth issue, Parker argues that his motion for continuance should have been granted because he had no time for discovery.

We will not disturb the trial court's denial of a motion for continuance except for a clear abuse of discretion. *Levinthal v. Kelsey-Seybold Clinic, P.A.,* 902 S.W.2d 508, 510 (Tex.App.-Houston [1st Dist.] 1994, no writ). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996); *see also* Tex.R. Civ. P. 166a(g), 251, and 252. Under Rule of Civil Procedure 166a(g), a nonmoving party is required to file affidavits stating that the party cannot present through affidavits facts essential to the opposition; the court can then deny the motion for summary judgment or order a

---

**2.** Parker also argues in his brief on appeal that the lien was an illegal lien on a homestead, and that illegal consideration cannot support a contract. There is no evidence in the record that the lien was on a homestead. Moreover, appellant failed to bring this issue before the trial court and it is, therefore, waived.

continuance. TEX.R. CIV. P. 166a(g). Parker filed a verified motion for continuance but did not file any affidavits explaining the need for further discovery. The trial court did not abuse its discretion in denying Parker's motion for continuance, because he did not explain to the trial court what his need was for further discovery. Therefore, we overrule Parker's fourth issue.

## Conclusion

We affirm the judgment of the trial court.