In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00140-CV
______________________________

WENDELL WATSON AND DEBORAH WATSON, Appellants
 
V.
 
CHIP BULLOCK, A.K.A. GAYNNE DURWOOD BULLOCK, JR., Appellee

                                              

On Appeal from the County Court at Law
 Panola County, Texas
Trial Court No. 2005-303

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION
            Appellants, Wendell and Deborah Watson, have presented this Court with a motion to
dismiss the pending appeal in this matter pursuant to Rule 42.1 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 42.1(a)(1). The motion is signed by the appellants, who are
representing themselves pro se. No other party filed a notice of appeal. 
            We grant the appellants' motion and dismiss the appeal. See id. 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 5, 2006
Date Decided:             January 6, 2006

 people
with a BB gun. The trial court agreed. A duty exists only when the risk of criminal conduct is so
great that it is unreasonable and foreseeable. Id. at 756.

 The Texas Supreme Court recently addressed the test used to determine whether a premises
owner may be held liable for another's criminal conduct.

 When we consider whether a particular criminal act was so foreseeable and
unreasonable as to impose a duty upon a landowner, we first examine the particular
criminal conduct that occurred in light of "specific previous crimes on or near the
premises." Walker, 924 S.W.2d at 377. If, after applying the Timberwalk factors of
similarity, recency, frequency, and publicity, see Timberwalk, 972 S.W.2d at 756-57,
we determine that the general danger of the criminal act was foreseeable, we then
apply the second prong of the foreseeability analysis and determine whether it was
foreseeable that the injured party, or one similarly situated, would be the victim of
the criminal act. In essence, we consider whether the plaintiff was within the range
of the defendant's apprehension such that her injury was foreseeable. See Palsgraf,
162 N.E. at 99-100. Only when we have analyzed the criminal act within the context
in which it occurred can we determine whether the landowner owed a duty to the
injured party. See, e.g., Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995) (when determining whether a duty lies, we must consider all "the facts
surrounding the occurrence in question").

Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 656-57 (Tex. 1999). 

 In Timberwalk, a resident sued her apartment complex after she was raped by an intruder. 
Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 751. The resident alleged the apartment
complex negligently failed to provide adequate security. Id. The facts of Timberwalk do not suggest
that the convicted rapist was related to a member of Timberwalk's management team or that any
other type of close relationship existed between the assailant and Timberwalk. Thus, Timberwalk's
test (as reiterated by Mellon Mortgage Co., 5 S.W.3d at 656-57, requiring evidence of criminal
activity on or near the premises before the alleged crime causing the injuries at issue) impliedly
assumes the assailant and the apartment management did not have a familial relationship between
them. That assumption, however, does not apply in the case now before us. 

 Hammock and Smith were uncle and nephew, respectively, although the familiarity each had
with the other is a question of fact not resolved by the court below. When it is claimed a premises
owner should have foreseen a criminal act by a relative, we must examine the extent of the relative's
prior criminal conduct before determining what the premises owner knew or should have known. 
Cf. Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 757 (whether such risk was foreseeable
must be determined in light of what the premises owner knew or should have known before a
criminal act occurred).

 When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show there is no material
fact issue and the movant is entitled to judgment as a matter of law. Rhone-Poulenc, Inc., 997
S.W.2d at 223.

 Summary judgment is proper when the movant establishes there is no genuine issue of
material fact and he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979); Baubles & Beads v. Louis
Vuitton, S.A., 766 S.W.2d 377 (Tex. App.-Texarkana 1989, no writ). The question on appeal is not
whether the summary judgment proof raises a fact issue with reference to the essential elements of
the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant
is entitled to summary judgment as a matter of law. Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d
734, 736 (Tex. 1990). Because the movant bears the burden of proof, all conflicts in the evidence
are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the
genuine issue of material fact are resolved in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546 (Tex. 1985). 

 In his motion for summary judgment, Hammock contends it was not foreseeable Smith would
commit the criminal act of shooting De Julian with a BB gun. De Julian submitted an affidavit from
Ken Walker to support De Julian's opposition to the summary judgment motion. Walker's affidavit
suggests Smith had prior involvement with the juvenile justice system, but it fails to detail the
specifics of any alleged juvenile adjudications. (1) Stated differently, Walker's affidavit does not
specifically suggest Smith's delinquent conduct was for assaultive behavior. In contrast, there was
other evidence before the trial court that Smith's involvement with the juvenile justice system was
for the nonassaultive offenses of criminal mischief and criminal trespass. See Tex. Pen. Code Ann.
 28.03, 30.05 (Vernon 2003). We further note Smith was nineteen years old at the time of the
incident at issue in this case, and the State may only prosecute someone as a juvenile for acts he or
she committed before reaching the age of seventeen. (2) Tex. Fam. Code Ann. 51.02(2) (Vernon
2002). This suggests that any alleged contact with the juvenile justice system would have occurred
at least three years before the incident at issue. Additionally, there is no evidence in the record of
any alleged adult criminal conduct by Smith (other than the shooting at issue). (3) Accordingly, there
was no evidence Hammock either knew of or should have known of any recent assaultive conduct
committed by Smith. See Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 758 (complete
absence of previous crimes negates the foreseeability element). De Julian's summary judgment
evidence failed to satisfy his burden under the first prong of Timberwalk. The trial court did not err
by granting Hammock's motion for summary judgment.

III. Did the trial court err by failing to postpone consideration of Hammock's motion for
summary judgment?

 In his second point of error, De Julian contends the trial court should have postponed
consideration of the summary judgment motion to allow De Julian or the police more time to locate
Smith. (4) De Julian claims he needed to depose Smith to show it was foreseeable for Hammock to
anticipate Smith's criminal conduct. Walker's affidavit did not suggest how much additional time
De Julian would need to locate and depose Smith. 

 A trial court may continue a hearing on a motion for summary judgment if it appears from
the evidence presented to the court that the party opposing the motion cannot present by affidavit
"facts essential to justify his opposition." Tex. R. Civ. P. 166a(g). Granting such a continuance is
not mandatory, but permissive. Id. We will not overturn a trial court's decision to grant or deny a
motion for continuance absent a showing the trial court abused its discretion. Parker v. Dodge, 98
S.W.3d 297, 302 (Tex. App.-Houston [1st Dist.] 2003, no pet.). 

 "When a party contends that it has not had an adequate opportunity for discovery before a
summary judgment hearing, it must file either an affidavit explaining the need for further discovery
or a verified motion for continuance." Id. (citing Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d
640, 647 (Tex. 1996); and referencing Tex. R. Civ. P. 166a(g), 251, and 252)). In his affidavit,
Walker explained that efforts to obtain Smith's criminal history had been unsuccessful because both
Smith's juvenile and adult criminal records were sealed. Walker claimed, "Until such time as Smith
can be found for deposition, or until such time as the juvenile records and pre-sentence investigation
report is [sic] unsealed, Plaintiff cannot produce affidavits or other summary judgment proof
concerning Smith's criminal history." The affidavit further stated, "there is no way to investigate
what Defendant Hammock might have known about Smith's prior history until Plaintiff can discover
what there is to know." The affidavit fails, however, to give any basis for the trial court to weigh the
materiality of the requested discovery or the length of the continuance that would be needed. Cf.
Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). We
also note the plaintiff filed his suit on May 1, 2000; the trial court did not grant summary judgment
until almost three years later, on December 31, 2003. Given the lengthy period of time available for
discovery and the lack of specificity of time De Julian was seeking to have the hearing continued so
Smith could be located and deposed, we do not believe the trial court abused its discretion by
denying a continuance. We overrule De Julian's second point of error.

 For the reasons stated, we affirm the trial court's judgment.

 

 Jack Carter

 Justice

Date submitted: August 25, 2003

Date decided: August 26, 2003

OPINION ON REHEARING

 Miguel De Julian has filed a motion for rehearing in which he points out that his affidavit
alleged this episode occurred over a period of one and one-half hours. He alleges that, during that
time, Jacob Dewayne Smith began shooting at chickens and later at tenants, that some tenants were
shouting at Smith, and that another tenant was shot by the BB gun in the back of the head thirty
minutes prior to his injury. De Julian alleges that Keric Hammock was inside his home and argues
that these events should have been heard by Hammock and that he should have taken action to
prevent the harm to him.

 An owner or controller of premises does have a duty to use ordinary care to protect invitees
from criminal acts of third parties if he or she knows or has reason to know of an unreasonable and
foreseeable risk of harm to the invitee. Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d
749, 756 (Tex. 1998). The foreseeability of an unreasonable risk of criminal conduct is a
prerequisite to imposing a duty of care to a person who owns or controls premises to protect others
on the property from the risk. When the risk is of injury from criminal activity, the evidence must
reveal specific previous crimes on or near the premises to establish foreseeability. Id. 

 De Julian relies on the same episode of offensive conduct by Smith to establish: (1) that De
Julian was injured, and (2) that Hammock had reason to know of an unreasonable and foreseeable
risk of harm to De Julian. We do not believe the same series of events that led to De Julian's injury
can be used to provide notice to Hammock of "previous" crimes and thereby raise an issue of
foreseeability of this injury.

 The motion is overruled.

 Jack Carter

 Justice

Date: September 8, 2003

1. In fact, Walker's affidavit states he does not know the specific contents of Smith's juvenile
record because it is sealed and Smith cannot be located so as to enable an investigation of his prior
criminal history.
2. The Timberwalk court acknowledged that criminal conduct occurring farther from the
landowner's property may activate a duty by the landowner to prevent similar harm, "[b]ut such
evidence must be especially strong, and must show that the risk of criminal conduct on the
landowner's property is not merely increasing but has reached a level as to make crime likely." 
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 757 (Tex. 1998).
3. There is also no evidence in the record before us of any other, general criminal activity at
Hammock's apartment complex or in the surrounding vicinity from which the trial court might have
inferred the likelihood of an assault similar to what happened in the case now before us.
4. De Julian's summary judgment response incorporates hearsay evidence suggesting the State
had issued a warrant for Smith's arrest for violating the terms and conditions of his adult community
supervision.