Opinion filed September 9,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00110-CV

                                                    __________

 

                                  EARLENE
GORZELL, Appellant

 

                                                             V.

 

                                       JULIE
TILLMAN, Appellee



 

                                  On
Appeal from the 342nd District Court

 

                                                          Tarrant
County, Texas

 

                                              Trial Court
Cause No. 342-222894-07

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
is a suit to collect a promissory note executed in connection with the sale of
a business.  Earlene Gorzell sued Julie Tillman to enforce the note, and
Tillman asserted limitations.  After a bench trial, the trial court found that
Gorzell’s claim was barred by limitations and entered a take-nothing judgment. 
We reverse and remand.

I. Background
Facts

            Gorzell
sold a rental property management business to Tillman for $84,000.  Tillman
paid $30,000 in cash and executed a promissory note for the remaining $54,000. 
The parties also executed an addendum to the promissory note in which they
agreed that, if any of the property owners for whom Gorzell had been providing
management services did not agree in writing to the assignment of their
contract to Tillman, the promissory note would be reduced by twice the amount
of the client’s annual management fee.  One property owner decided to sell rather
than to continue renting and, therefore, did not agree to assign.  Tillman was
given a credit for this account, and her indebtedness was reduced to $50,760.  The
parties closed in February 2002, and Tillman operated the business for the
balance of the year.  The promissory note required monthly payments beginning
in April, but she made only four payments.  Tillman sold the business to a
third party and moved to Tennessee in January 2003.

II. 
Issues

            Gorzell
challenges the judgment with two issues, contending that the trial court
applied the wrong statute of limitations or, alternatively, that it failed to
toll limitations because of Tillman’s absence from the state.

III. 
Discussion

            Did
the Trial Court Apply the Correct Statute of Limitations? 

            The
trial court ruled at the conclusion of trial that Gorzell’s claims were barred
by limitations.  The court did not announce which limitations statute it
applied, but the judgment reflects that it utilized a four-year limitations
period.  Gorzell argues that this was in error because the six-year statute of
limitations provided by Tex. Bus. &
Com. Code Ann. § 3.118(a) (Vernon 2002) was applicable.  This statute
provides: 

(a)   
Except as provided in Subsection (e),[1]
an action to enforce the obligation of a party to pay a note payable at a
definite time must be commenced within six years after the due date or dates
stated in the note or, if a due date is accelerated, within six years after the
accelerated due date.

 

Tillman responds
that Section 3.118(a) is inapplicable because the note was not payable at a
definite time.  The note unambiguously states that it was payable in ninety-six
monthly installments beginning April 1, 2002, and continuing the first day of
each succeeding month until paid in full.  Texas courts have found agreements
such as this are notes payable at a definite ime.  See, e.g., Parker v.
Dodge, 98 S.W.3d 297, 300 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  To
overcome this, Tillman points to the following language in the promissory note
addendum:

            The
parties named above hereby understand and agree that the balance owing on that
First Vendor’s Lien Note payable by Buyer to Seller and executed on February 25th,
2002, may be reduced in the event that the owner of any of the 35 properties
that comprise the business known as Yellow Rose Properties on the day of
closing declines on or before March 15, 2002 to have said property remain under
management with Julie Tillman dba Forza Properties.

 

            In the
event that an owner does not transfer agreement in writing, on or before March
15, 2002, to allow Julie Tillman to continue to manage his property, the
balance on that Vendor’s Lien Note shall be reduced by an amount equal to two
times the annual management fee which was previously being paid to Earlene
Mahan dba Yellow Rose Properties.  In such a case, the Buyer will receive
credit, as if a payment had been made, against said Note, equal to the amount
stated herein.  Such credit will apply first to the end of the Note.

 

Tillman contends
this language made her obligation conditional, and she makes much of the fact
that Gorzell referred to an amortization schedule during her testimony, that
her counsel used this schedule to document the amount owed, and that the
schedule showed an original principal balance of $50,760 rather than the note’s
$54,000.  Tillman contends that, because Gorzell could not calculate her
indebtedness without looking beyond the four corners of the note, it was no
longer payable at a definite time.  Tillman’s argument confuses when payment
was due with the amount due and, if accepted, would essentially make Section
3.118(a) inapplicable to any promissory note requiring scheduled payments
because it is impossible to calculate the debtor’s obligation without also
knowing what payments have been made and whether any unpaid late charges or
past due interest have accrued.  The addendum provided a potential credit
against Tillman’s indebtedness that the parties agreed would be treated as a
note payment.  The fact that the amortization schedule listed the original
principal balance as $50,760 merely confirms that the addendum operated as
intended.  

            A
second agreement can make a promissory note a conditional obligation.  See,
e.g., FFP Mktg. Co. v. Long Lane Master Trust IV, 169 S.W.3d 402, 408-09
(Tex. App.—Fort Worth 2005, no pet.).  But, in that instance, the note
referenced and incorporated a second agreement, thus making it necessary to
examine the second agreement to determine the debtor’s obligation.  Tillman’s
note contains no such reference or incorporation.  When the parties to a
promissory note execute a separate agreement that modifies the debtor’s
obligation to pay, the debtor has a defense to the original obligation. Tex. Bus. & Com. Code Ann. § 3.117
(Vernon 2002).  But the presence of a defense does not make the obligation
conditional. Id. cmt. 1 (debtor’s defense against creditor would not
defeat a subsequent holder in due course).

            Tillman
also contends that her indebtedness was conditional because of the reference in
the note to collateral.  Section 3.118(a) makes no distinction between secured
and unsecured promissory notes.  Nor does the presence of collateral make a
debtor’s obligation conditional.  See Tex.
Bus. & Com. Code Ann. § 3.106(b) (Vernon Supp. 2009) (a promise is
not made conditional by reference to another record for a statement of rights
with respect to collateral or because payment is limited to resort to a
particular fund or source).  Tillman next refers to what she describes as
conflicting testimony between Gorzell and her counsel on what occurred at
closing, and she contends that Gorzell did not give her the client contracts
she was promised.  If Gorzell failed to comply with any provision of the
purchase and sale agreement, then Tillman has a defense but that defense does
not make Section 3.118(a) inapplicable.

            Tillman’s
promissory note was payable at a definite time. Consequently, Section 3.118(a)
applied.  Tillman made her last payment in July 2002.  Her first missed payment
was due August Reynolds v. State, 204 S.W.3d 386, 390-91 (Tex.
Crim. App. 2006); 1, 2002.  This suit was filed March 5, 2007.  Because
Gorzell’s suit was subject to a six-year statute of limitations, the trial
court erred when it found that limitations barred her claim.  Issue One is
sustained.  It is unnecessary to consider Gorzell’s second issue.

IV. 
Conclusion

            The judgment of the
trial court is reversed, and this cause is remanded for a new trial.

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

September 9,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Subsection (e) applies to actions to enforce the
obligation of a party to a certificate of deposit.