**Opinion filed September 9, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00110-CV

_____

## EARLENE GORZELL, Appellant

## V.

## JULIE TILLMAN, Appellee

**On Appeal from the 342nd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 342-222894-07**

## MEMORANDUM OPINION

This is a suit to collect a promissory note executed in connection with the sale of a business. Earlene Gorzell sued Julie Tillman to enforce the note, and Tillman asserted limitations. After a bench trial, the trial court found that Gorzell's claim was barred by limitations and entered a take-nothing judgment. We reverse and remand.

### I. *Background Facts*

Gorzell sold a rental property management business to Tillman for $84,000. Tillman paid $30,000 in cash and executed a promissory note for the remaining $54,000. The parties also executed an addendum to the promissory note in which they agreed that, if any of the property

owners for whom Gorzell had been providing management services did not agree in writing to the assignment of their contract to Tillman, the promissory note would be reduced by twice the amount of the client's annual management fee. One property owner decided to sell rather than to continue renting and, therefore, did not agree to assign. Tillman was given a credit for this account, and her indebtedness was reduced to $50,760. The parties closed in February 2002, and Tillman operated the business for the balance of the year. The promissory note required monthly payments beginning in April, but she made only four payments. Tillman sold the business to a third party and moved to Tennessee in January 2003.

## II. *Issues*

Gorzell challenges the judgment with two issues, contending that the trial court applied the wrong statute of limitations or, alternatively, that it failed to toll limitations because of Tillman's absence from the state.

## III. *Discussion*

### *Did the Trial Court Apply the Correct Statute of Limitations?*

The trial court ruled at the conclusion of trial that Gorzell's claims were barred by limitations. The court did not announce which limitations statute it applied, but the judgment reflects that it utilized a four-year limitations period. Gorzell argues that this was in error because the six-year statute of limitations provided by TEX. BUS. & COM. CODE ANN. § 3.118(a) (Vernon 2002) was applicable. This statute provides:

> (a) Except as provided in Subsection (e),[1] an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

Tillman responds that Section 3.118(a) is inapplicable because the note was not payable at a definite time. The note unambiguously states that it was payable in ninety-six monthly installments beginning April 1, 2002, and continuing the first day of each succeeding month until paid in full. Texas courts have found agreements such as this are notes payable at a definite ime. *See, e.g., Parker v. Dodge*, 98 S.W.3d 297, 300 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To overcome this, Tillman points to the following language in the promissory note addendum:

> The parties named above hereby understand and agree that the balance owing on that First Vendor's Lien Note payable by Buyer to Seller and executed

---

[1]Subsection (e) applies to actions to enforce the obligation of a party to a certificate of deposit.

on February 25th, 2002, may be reduced in the event that the owner of any of the 35 properties that comprise the business known as Yellow Rose Properties on the day of closing declines on or before March 15, 2002 to have said property remain under management with Julie Tillman dba Forza Properties.

In the event that an owner does not transfer agreement in writing, on or before March 15, 2002, to allow Julie Tillman to continue to manage his property, the balance on that Vendor's Lien Note shall be reduced by an amount equal to two times the annual management fee which was previously being paid to Earlene Mahan dba Yellow Rose Properties. In such a case, the Buyer will receive credit, as if a payment had been made, against said Note, equal to the amount stated herein. Such credit will apply first to the end of the Note.

Tillman contends this language made her obligation conditional, and she makes much of the fact that Gorzell referred to an amortization schedule during her testimony, that her counsel used this schedule to document the amount owed, and that the schedule showed an original principal balance of $50,760 rather than the note's $54,000. Tillman contends that, because Gorzell could not calculate her indebtedness without looking beyond the four corners of the note, it was no longer payable at a definite time. Tillman's argument confuses when payment was due with the amount due and, if accepted, would essentially make Section 3.118(a) inapplicable to any promissory note requiring scheduled payments because it is impossible to calculate the debtor's obligation without also knowing what payments have been made and whether any unpaid late charges or past due interest have accrued. The addendum provided a potential credit against Tillman's indebtedness that the parties agreed would be treated as a note payment. The fact that the amortization schedule listed the original principal balance as $50,760 merely confirms that the addendum operated as intended.

A second agreement can make a promissory note a conditional obligation. *See, e.g., FFP Mktg. Co. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 408-09 (Tex. App.—Fort Worth 2005, no pet.). But, in that instance, the note referenced and incorporated a second agreement, thus making it necessary to examine the second agreement to determine the debtor's obligation. Tillman's note contains no such reference or incorporation. When the parties to a promissory note execute a separate agreement that modifies the debtor's obligation to pay, the debtor has a defense to the original obligation. TEX. BUS. & COM. CODE ANN. § 3.117 (Vernon 2002). But the presence of a defense does not make the obligation conditional. *Id.* cmt. 1 (debtor's defense against creditor would not defeat a subsequent holder in due course).

Tillman also contends that her indebtedness was conditional because of the reference in the note to collateral. Section 3.118(a) makes no distinction between secured and unsecured promissory notes. Nor does the presence of collateral make a debtor's obligation conditional. *See* TEX. BUS. & COM. CODE ANN. § 3.106(b) (Vernon Supp. 2009) (a promise is not made conditional by reference to another record for a statement of rights with respect to collateral or because payment is limited to resort to a particular fund or source). Tillman next refers to what she describes as conflicting testimony between Gorzell and her counsel on what occurred at closing, and she contends that Gorzell did not give her the client contracts she was promised. If Gorzell failed to comply with any provision of the purchase and sale agreement, then Tillman has a defense but that defense does not make Section 3.118(a) inapplicable.

Tillman's promissory note was payable at a definite time. Consequently, Section 3.118(a) applied. Tillman made her last payment in July 2002. Her first missed payment was due August *Reynolds v. State*, 204 S.W.3d 386, 390-91 (Tex. Crim. App. 2006); 1, 2002. This suit was filed March 5, 2007. Because Gorzell's suit was subject to a six-year statute of limitations, the trial court erred when it found that limitations barred her claim. Issue One is sustained. It is unnecessary to consider Gorzell's second issue.

IV. *Conclusion*

The judgment of the trial court is reversed, and this cause is remanded for a new trial.


RICK STRANGE

JUSTICE


September 9, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4