**Opinion issued June 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01033-CV

_____

**EDUCAP, INC., Appellant**

**V.**

**JOANNA SANCHEZ, Appellee**

---

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 980350**

---

## MEMORANDUM OPINION

Educap, Inc., sued Joanna Sanchez for money owed on a note. Both parties filed motions for summary judgment. The trial court granted Sanchez's motion and denied Educap's motion. The trial court also denied Educap's two subsequent motions for new trial. In two issues on appeal, Educap argues the trial court erred

by granting Sanchez's motion and denying its motions because Sanchez failed to prove that Educap's claim is barred by limitations.

We affirm.

## Background

Sanchez entered into a "Combined Consolidated Application and Promissory Note" on June 20, 2005. She did not make any payments on the note after June 2006. Educap sued to recover money owed on the note on December 15, 2010. Sanchez filed an answer on February 8, 2011, asserting the affirmative defense of limitations.

Educap filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law on its "suit on an educational loan." Sanchez filed a response and cross-motion for summary judgment on the grounds that Educap's motion was barred by a four-year statute of limitations. Educap did not file a response to Sanchez's motion or attend the hearing on the motions.

The trial court granted Sanchez's motion and denied Educap's motion.[1] Educap then filed a motion for new trial, asserting that its failure to respond to Sanchez's motion or to attend the hearing was due to accident or mistake. The trial

---

[1] Sanchez's motion included a request for an award of attorneys' fees. The trial court's order only stated that the motion was granted. Following an unsuccessful motion for rendition of a final judgment, we conditionally granted Educap's petition for writ of mandamus. *See In re Educap, Inc.*, No. 01-12-00546-CV, 2012 WL 3224110, at *4 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, orig. proceeding). Educap filed a motion for new trial both before and after the final judgment was rendered.

2

court denied the motion. Educap later filed a second motion for new trial, asserting that the note was governed by a six-year statute of limitations rather than a four-year statute. This motion was overruled by operation of law.

**Standard of Review**

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When a party moves for summary judgment on a claim for which it bears the burden of proof, it must show that it is entitled to prevail on each element of its cause of action. *See Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex. App.—Houston

[1st Dist.] 2003, no pet.). The party meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial. *Id.*

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When, as here, the parties file cross-motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, we review the summary judgment evidence supporting both motions and "render the judgment that the trial court should have rendered." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## Statute of Limitations

In two issues, Educap argues that the trial court erred by granting Sanchez's motion for summary judgment, denying its motion for summary judgment, and denying its second motion for new trial, because the note is governed by a six-year statute of limitations. Sanchez argues that Educap did not raise this issue until its second motion for new trial and, thus, the trial court was not compelled to consider it. We agree.

4

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). "[A] party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (citing TEX. R. CIV. P. 166a(c)). An exception to this rule is that the legal sufficiency of the movant's proof can be challenged for the first time on appeal. *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 511 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The question becomes, then, whether Educap's issues on appeal can be construed as challenges to the legal sufficiency of Sanchez's proof.

Sanchez sought summary judgment on the ground that the note was governed by the four-year statute of limitations on claims for debt and that, accordingly, Educap's claim against her was barred. For authority, she relied on subsection 16.004(a)(3) of the Texas Civil Remedies and Practice Code, which sets a four-year limitations period on claims for "debt." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (Vernon 2002). This subsection is generally applied to breach of contract claims. *See, e.g.*, *Colvin v. Tex. Dow Emps. Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *9 (Tex. App.—Houston [1st Dist.] Nov.

15, 2012, no pet.); *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 730 (Tex. App.—San Antonio 2012, no pet.).

Educap argued in its second motion for new trial, and argues on appeal, that the promissory note is a negotiable instrument and, accordingly, is instead governed by a six-year statute of limitations. *See* TEX. BUS. & COM. CODE ANN. § 3.118(a) (Vernon 2002) (providing six-year statute of limitations for actions on negotiable instruments).

We note that a negotiable instrument is a type of contract. *See 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 383–84 (Tex. 2011) (holding "[i]t is settled law that a check—as a type of negotiable instrument—is a formal contract"). We also note that, when it applies, the statute of limitations on negotiable instruments supersedes the statute of limitations on debts because the statute of limitations on negotiable instruments is more specific. *See* TEX. BUS. & COM. CODE ANN. § 3.118 cmt. (explaining "[w]ith respect to actions on instruments covered by this Act, the statute of limitations provisions of section 3.118 should be interpreted to supersede, because of their particularity, any conflicting statute of limitations of general applicability under Texas law. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003, 16.004 (Vernon 1986)."); *Murphy v. Fairfield Fin. Grp., Inc.*, No. 03-99-00562-CV, 2000 WL 689758, at *4 n.5 (quoting comment to section 3.118 of Business & Commerce Code). However,

not all promissory notes are negotiable instruments. *See Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 250 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding promissory note at issue was not negotiable instrument).

Sanchez was only required to meet her burden of establishing that the four-year statute of limitations applied to Educap's claim for debt. She was not required to disprove the possible application of other statutes of limitations not raised in response to her motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (holding, after revision of rule for motion for summary judgment, "[n]o longer must the movant negate all possible issues of law and fact that Could be raised by the non-movant in the trial court but were not").

Because Educap did not present its argument that the promissory note was a negotiable instrument in response to Sanchez's motion for summary judgment, the trial court properly granted summary judgment. *See* TEX. R. CIV. P. 166a(c). Presenting the argument in a motion for new trial did nothing to revive the issue. *See Weaver*, 262 S.W.3d at 797.

We overrule Educap's two issues.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.