Opinion issued August 1, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00476-CV

————————————

**TRACY BROWN D/B/A RHINESTONES IN DESIGN, Appellant**

**V.**

**MESA DISTRIBUTORS, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 990817**

---

**O P I N I O N**

Appellee, Mesa Distributors, Inc. ("Mesa"), sued appellant, Tracy Brown *d/b/a* Rhinestones in Design ("Brown"), for breach of contract and conversion, alleging that Brown had defaulted on his equipment lease agreement by failing to

make the agreed-upon monthly payments and failing to return the equipment after default. In eight issues, Brown challenges the trial court's grant of summary judgment in favor of Mesa, arguing that: (1) the trial court erred in denying his motion to dismiss based on the lease agreement's forum-selection clause specifying Pennsylvania as the forum for litigation; (2) Mesa did not have standing to bring suit on the debt at issue; (3) Mesa lacked capacity to sue; (4) the evidence was factually insufficient to support the judgment; (5) the trial court erred in admitting the affidavit of Mesa's president, James Buck, because it was defective in form and substance, contained conclusory statements, and was not based on personal knowledge; (6) Brown's constitutional rights to due process and equal protection were violated; (7) the trial court erred in denying his motion for a continuance; and (8) the trial court's grant of attorney's fees to Mesa was improper.

We reverse and remand.

## Background

Brown entered into an equipment lease agreement with Susquehanna Patriot Leasing Company ("Susquehanna"). The lease stated that Brown would pay $911.32 per month for 60 months to lease a CAMS IV-69 rhinestone machine from Susquehanna. The lease between Susquehanna and Brown also stated that Mesa was the vendor of the machine. It further stated that Brown was not to pay sales

2

tax and that his total monthly payment was to be $911.32. On April 1, 2005, Brown accepted delivery of the machine from Mesa and subsequently began making payments to Susquehanna according to the terms of the lease.

On February 17, 2010, Susquehanna assigned its interest in Brown's lease to Mesa, apparently pursuant to its previous agreement with Mesa that, in the event Brown defaulted on the lease, Susquehanna would assign its interest to Mesa. On July 1, 2010, Mesa sued Brown for breach of contract and conversion in Tarrant County, Texas. Mesa sought $13,877.25 in payments owed on the lease, a writ of sequestration, attorney's fees, and applicable charges such as taxes, official fees, delinquency charges, and interest.

On January 28, 2011, Brown filed an answer and a motion to transfer venue. Brown argued that he had paid the equipment lease in full and that the proper venue was Harris County, Texas. On March 7, 2011, Brown filed a motion to dismiss, claiming that the forum-selection clause in the lease required litigation in Pennsylvania and, therefore, Tarrant County lacked subject matter jurisdiction. On April 4, 2011, Brown's motion to transfer venue was granted, and the case was transferred to Harris County Civil Court at Law No. 3.

On December 16, 2011, Mesa moved for summary judgment. Mesa argued that it was entitled to summary judgment on its breach of contract claim because Brown "breached the contract by ceasing the monthly payments of $911.32,

3

resulting in an outstanding balance of $13,877.25 . . . and retaining possession of the Machine." It also argued, "By the terms of the agreement, [Mesa] is due possession of the Machine, past due rent on the lease, continuing rent on the Machine (for the time defendant [h]as had possession and use of the Machine since the end of the term of the lease), pre- and post-judgment interest on monies owed, and attorney's fees and court costs." Mesa argued that it was entitled to judgment as a matter of law on its conversion claim because, as Susquehanna's assignee, it "had the right of immediate possession when defendant failed to make payments required by the lease." It argued that Brown refused to return the machine, refused to turn the machine over to a constable serving a writ of sequestration, and still has possession of the machine. It stated that its damages for conversion included the value of the machine itself and the lost profits for rental fees on the machine.

Attached to its motion, Mesa filed Brown's equipment lease with Susquehanna, which was largely illegible except for the basic terms regarding the monthly payment and the length of the lease. It also attached the bill of sale assigning Brown's lease to Mesa, the equipment delivery receipt, and Brown's response to Mesa's requests for admissions, in which Brown admitted that he refused to turn the machine over to the constable because it was not in his immediate possession at that time and that he still had the machine in his possession. Finally, Mesa submitted the affidavit of its president, James Buck.

4

Buck made the following statements: (1) Brown "agreed to possess" the machine and "make monthly payments in the amount of $911.32" for the use of the machine; (2) "The value of [the machine] is $39,470.00"; (3) Brown failed to make payments as required by the lease and "[t]he amount due and owing on the Lease is $13,877.25"; (4) Mesa demanded the return of the machine, but Brown failed to comply; and (5) "The fair market value of the equipment will continue to decrease and waste will occur. In fact, the product has depreciated in value since the execution of the lease."

The equipment lease stated that Brown was to make monthly payments of $911.32 for 60 months to lease the equipment. Inside the box for sales tax charged to the lessee, the agreement reads $0. Inside the box for total monthly payment of the lessee, the agreement reads $911.32. The only other amount the agreement requires Brown to pay is the first payment amount of $2,022.64. This first payment includes the first period payment, the last period payment, and a documentation fee.

The "Surety Agreement" section of the lease agreement states, "*Surety* hereby knowingly and voluntarily consents and submits to the jurisdiction of the court of Pennsylvania." Directly underneath this section is a signature line containing Brown's signature to the right of the word "surety" with a colon. Also, the jurisdiction and venue section of the lease agreement states, "*Lessee* knowingly

5

and voluntarily consents and submits to the jurisdiction of the Federal and State courts of Pennsylvania." Under this section is a signature line containing Brown's signature below the words "Lessee: Tracy Brown dba Rhinestones in Design."

In his response to Mesa's summary judgment motion, Brown argued that a genuine issue of fact existed as to whether he had defaulted on his lease payments. Brown argued that he had "paid the money that was required pursuant to the lease agreement" and that he "paid over $54,000 to Susquehanna." He attached Susquehanna's accounting sheet for Brown's lease which documented all monetary transactions on his account. The accounting sheet Brown submitted reflected that Brown paid $47,388.64 in lease payments, $3,355.29 in property taxes, and $2,505.17 in miscellaneous charges, totaling $53,249.10, and that he also paid late fees. He argued that the original lease obligated him "to make 60 payments at $911.32, which amounts to a total of $54,679.20." He argued that he paid $2,022 "up front" as required by the lease, and that that amount plus the more than $53,000 he paid over the course of five years fulfilled his obligation under the lease. He argued that the payments for property tax and "miscellaneous" payments were not part of the original lease agreement and were the result of improper billing by Susquehanna.

Brown also attached an affidavit in which he stated that he made all payments required by the lease agreement, he paid taxes on the machine that were

6

not listed on the lease agreement, and he paid miscellaneous fees for which he was billed but not told why they were owed. He also stated, "I paid continuously for nearly five years until an issue came up regarding the payoff amount. I was originally told [one cent]. Then as I got toward the end of the contract, I was told I would have to pay thousands more."

The trial court granted Mesa summary judgment on February 16, 2012. It awarded Mesa immediate possession of the equipment, $13,877.25 in outstanding lease payments, $13,669.80 for the loss of use and profit for the machine for a period of fifteen months, 5% prejudgment and postjudgment interest, and $6,962.80 in attorney's fees.

On March 16, 2012, Brown filed a motion for a new trial, which was denied. This appeal followed.

## Forum-Selection Clause

In his first issue, Brown argues the trial court erred in denying his motion to dismiss because the suit was not filed in compliance with the mandatory forum-selection clause in the equipment lease agreement. Mesa argued in the trial court that because only Brown, the lessee, consented to the forum-selection clause contained in the lease agreement, application of the clause was voluntary on the

7

part of Mesa, as the assignee of the lessor, and that it had the right to waive the clause and pursue its cause of action in any court of proper venue.[1]

We review the enforcement of a forum-selection clause for an abuse of discretion. *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A forum selection clause is not per se invalid because it restricts only one party's choice of forum leaving the other party unrestricted in venue. *See In re Lyon Fin. Servs. Inc.*, 257 S.W.3d 228, 233 (Tex. 2008). Also, a bargain is not negated because one party may have been in a more advantageous bargaining position. *Id.* Parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy. *Id.* The Texas Supreme Court has treated the enforcement of forum-selection clauses as analogous to the enforcement of arbitration clauses. *See id.* ("[A]rbitration clauses generally do not require mutuality of obligation so long as adequate consent supports the underlying contract.")

The lease agreement provided that the surety and lessee, Brown, "knowingly and voluntarily consents and submits" to the jurisdiction of Pennsylvania state courts. Thus, under the plain language of the agreement, only Brown, as the surety and the lessee, consented to and submitted to jurisdiction in Pennsylvania, and he is the only party bound by the forum-selection clause. Brown has not argued, and

---

[1] We note that Mesa did not file a brief on appeal.

the record does not indicate, that Mesa consented to the jurisdiction of Pennsylvania in any other clause of the lease agreement. Therefore, Mesa is not bound to litigate its claim in Pennsylvania. *See id.* (holding that forum-selection clauses do not require mutuality of obligation). The trial court did not refuse to enforce the forum-selection clause because the clause does not require Mesa to litigate in Pennsylvania. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004) (orig. proceeding). We conclude that the trial court did not abuse its discretion by holding that Harris County is an appropriate venue. *See Lyon*, 257 S.W.3d at 233.

We overrule Brown's first issue.

## Standing

In his second issue, Brown argues that Mesa lacked standing to bring suit for breach of contract and conversion. Specifically, he argues that the record does not contain sufficient evidence to show that his lease was assigned from Susquehanna, the original lessor, to Mesa because the bill of sale contract was not signed by Mesa.

"Standing is implicit in the concept of subject matter jurisdiction," which is never presumed, cannot be waived, and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226

9

(Tex. 2004). A pleader is required to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Without a breach of a legal right belonging to himself, a plaintiff has no standing to litigate. *See Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).

In order to establish standing to maintain a breach of contract action, a plaintiff must show either third-party-beneficiary status or privity. *OAIC Commercial Assets, L.L.C v. Stonegate Vill. L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied). Privity is established by proof that the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff. *Id.*

An assignment is a manifestation by the owner of a right of his intention to transfer such right to the assignee. *Pape Equip. Co. v. I.C.S., Inc.*, 737 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Assignments are governed by contract law. *Cadle Co. v. Henderson*, 982 S.W.2d 543, 546 (Tex. App.—San Antonio 1998, no pet.) (citing *Univ. of Tex. Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ)). Under contract law, the determination of a meeting of the minds, and thus offer and acceptance, is based on an objective standard. *DeClaire* v. *G&B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Therefore, a contract can still be effective if signed by only one party. *See*

10

*id.* Specifically, if one party signs, the other may accept by his acts, conduct, or acquiescence in the terms of the contract. *Id.*

Mesa provided a copy of Brown's equipment lease agreement with Susquehanna, the bill of sale contract that assigned Brown's lease to Mesa, and an affidavit of James Buck, president of Mesa, averring that Brown's lease was assigned to Mesa by Susquehanna. Thus, Mesa presented evidence demonstrating its own interest in the equipment lease agreement. *See Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994) ("An assignee receives the full rights of the assignor. . . .").

Brown's argument that the assignment is not valid because Mesa failed to sign the contract is not in accordance with contract law. *See DeClaire*, 260 S.W.3d at 44. Susquehanna signed the bill of sale, and Mesa accepted by its conduct and acquiescence to the terms of the contract. *Id.* Mesa attempted to collect damages under the lease assigned to it in the bill of sale. Furthermore, Brown has provided no evidence that Susquehanna retained any rights under or control over the lease. *See Pape*, 737 S.W.2d at 401 ("Another factor working against the assignment . . . is the retention by Dow of some control over the settlement process.")

Thus, we conclude that the trial court did not err in determining that Mesa provided sufficient evidence of the assignment of Brown's lease and, therefore, its

standing to sue for breach of contract. *See OAIC Commercial Assets*, 234 S.W.3d at 738.

We overrule Brown's second issue.

## Capacity

In his third issue, Brown argues the trial court lacked subject matter jurisdiction because Mesa did not have capacity to sue. "When capacity is contested, Rule 93(2) of the Texas Rules of Civil Procedure requires that a verified plea is filed anytime the record does not affirmatively demonstrate the plaintiff's . . . right to bring the suit . . . in whatever capacity he is suing." *Nine Greenway LTD. v. Heard*, 875 S.W.2d 784, 787 (quoting *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988)). A party who fails to raise the issue of capacity through a verified pleading waives the issue on appeal. *Id.*

Here, the record does not contain a verified pleading. While Brown questioned the validity of Mesa's bill of sale contract, he never raised the issue of Mesa's capacity to sue. Because Brown failed to challenge Mesa's capacity to sue in a verified pleading, he has waived the issue of Mesa's capacity to sue. *See id.* Thus, this issue is not preserved for consideration on appeal. *See id.*

We overrule Brown's third issue.

## Summary Judgment

In his fourth issue, Brown argues that the trial court erred in granting Mesa's summary judgment motion on its breach of contract and conversion claims against him because the evidence was insufficient to establish a breach of contract or conversion. Specifically, he argues that the evidence attached to Mesa's motion for summary judgment does not prove as a matter of law that Brown defaulted on the lease agreement or that he owes an outstanding balance.

### A.     Standard of Review

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When, as here, the trial court's summary judgment order does not state the basis for the court's decision, we must uphold the judgment if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

The standards for reviewing a motion for summary judgment are well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Id.* at 549. When the plaintiff moves for summary judgment, the plaintiff must conclusively prove all elements of its cause of action as a matter of law. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied). A matter is conclusively proven if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 643–44 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982)).

If a movant does not show its entitlement to judgment as a matter of law, we must remand the case to the trial court for further proceedings. *Ridenour v. Herrington*, 47 S.W.3d 117, 121 (Tex. App.—Waco 2001, pet. denied). Unless the movant's summary judgment evidence is legally sufficient, the non-movant is not required to produce summary judgment evidence to avoid an adverse summary judgment. *Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

**B. Breach of Contract**

To be entitled to summary judgment on its breach of contract claim, Mesa was required to show, as a matter of law: (1) the existence of a valid contract between itself and Brown; (2) its performance or tender of performance; (3) Brown's breach of the contract; and (4) its damage as a result of the breach. *See Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.— Houston [1st Dist.] 2002, pet. denied).

Here, Mesa argued that Brown failed to make payments as required by the lease agreement and that it was entitled to damages as a result of his breach.[2] To support its argument that Brown breached the lease, it included only Buck's affidavit, stating that Brown owed $13,877.25 in payment on the lease. An affidavit from a company officer claiming personal knowledge of the issue and the company's records is sufficient evidence for summary judgment. *See Requipco, Inc. v. Am-Tex Tank & Equip., Inc.*, 738 S.W.2d 299, 301 (Tex. App.—Houston [14th Dist.] 1987, writ. ref'd n.r.e.). However, such an affidavit is sufficient summary judgment evidence only when it gives detailed accounts of the facts it attests to or when it provides supporting documents which tend to support the

---

[2]     Brown argues that Mesa did not prove the existence of a valid contract between them. However, Brown does not challenge the existence of an agreement between himself and Susquehanna, Mesa's predecessor in interest. As discussed above, the bill of sale assigning Susquehanna's interest in the lease is a binding contract even without Mesa's signature, and Mesa has adequately demonstrated that it was Susquehanna's assignee of rights under the lease agreement.

statements made. *See Am. 10 Minute Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ) (principal balance along with interest was designated in detail); *see also Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 513 (Tex. App.—El Paso 2010, no pet.) ("Because Loughlin's statements regarding balances owed for principal and interest under the terms of the letter agreement are supported by facts or documentation, her conclusion regarding those balances is not impermissibly conclusory.").

An affidavit that states only legal or factual conclusions without providing factual support is not proper summary judgment evidence because it is not credible or susceptible to being readily controverted. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Furthermore, self-serving affidavits from interested parties must be clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and readily controvertible to support summary judgment. *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997).

Buck's affidavit does not support summary judgment because it states only the legal conclusion that Brown breached the contract by failing to make payments under the lease. It does not provide specific factual information regarding the circumstances surrounding the alleged breach. Buck further makes the conclusory

16

statement that Brown still owed over $13,000 under the terms of the lease. However, the affidavit does not contain any factual support or additional evidence demonstrating how Buck reached that determination. Nor does the affidavit state that Brown's outstanding balance has been determined with all offsets, payments, and credits, and the calculations provided by the affidavit are inconsistent. *Cf.* TEX. R. CIV. P. 185 (providing that affidavit for supporting suit on sworn account must state that "all just and lawful offsets, payments, and credits have been allowed"); *Requipco*, 738 S.W.2d at 301 (discussing Rule 185).

Furthermore, Brown controverted Buck's affidavit with his own affidavit, averring that he had paid over $54,000 under the terms of the lease and did not default on his obligations, that he was entitled to a "1¢" buyout at the end of the lease, and that he had been improperly billed under the terms of the lease. Brown also submitted Susquehenna's accounting sheet demonstrating that he had made payments over a period of approximately five years totaling at least $53,249.10, and he averred that he had paid an additional $2,022 at the time of delivery.

The conclusory nature of Buck's affidavit—the only evidence Mesa introduced to support its claim that Brown breached the lease and that it suffered damages—and the controverting evidence presented by Brown—including evidence of his actual payment and his own affidavit that he had not breached the

17

lease and his alleged right to possess the machine based on a "1¢ buyout"—raise material fact issues precluding summary judgment.

We hold that Mesa failed to establish as a matter of law that Brown breached the lease. Therefore, the trial court erred in granting summary judgment on Mesa's breach of contract claim.

## C.     Conversion

Brown also challenges the trial court's grant of summary judgment in favor of Mesa on its conversion claim.

To be entitled to summary judgment on its claim of conversion, Mesa was required to establish, as a matter of law, that (1) it had entitlement to possession of the machine; (2) Brown unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, Mesa's rights as an owner; (3) it demanded return of the machine; and (4) Brown refused to return the machine. *See Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Mesa presented no evidence that it was entitled to possession of the machine. Buck's affidavit states only that "[t]he value of the machine is $39,470.00," that Mesa demanded the return of the machine, and that Brown failed to comply. Brown's admissions that he did not turn over the machine to the constable and that he still retained possession of the machine are not proof that

18

Mesa is entitled to possess the machine. Thus, Mesa failed to establish its conversion claim as a matter of law.

We sustain Brown's fourth issue.

Because we conclude that the trial court erred in granting Mesa's motion for summary judgment and remand for further proceedings in the trial court, we need not address Brown's remaining issues, including his complaint regarding the award of attorney's fees.

## Conclusion

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.