**Opinion issued November 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00028-CV

———————————

**DEL MAR CAPITAL, INC. AND JAMES D. BUTCHER, Appellants**

**V.**

**PROSPERITY BANK, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-62065**

---

### MEMORANDUM OPINION

Prosperity Bank sued Del Mar Capital, Inc. and James D. Butcher for breach of contract based on a deficiency remaining on a note after Prosperity Bank foreclosed on the property used as collateral to the note. Del Mar Capital and Butcher filed a counterclaim for wrongful foreclosure. In two motions, Prosperity

Bank sought summary judgment on its breach of contract claim and on Del Mar Capital and Butcher's wrongful foreclosure claim. The trial court granted both summary judgments. In four issues, Del Mar Capital and Butcher argue the trial court erred by (1) failing to rule on their evidentiary objections to each motion and (2) granting both motions when fact issues remained.

We reverse and remand.

## Background

Del Mar Capital entered into a "balloon real estate lien note" with Prosperity Bank on May 11, 2011. By November 2011, Del Mar had fallen behind on its monthly payments. On December 15, 2011, Del Mar and Prosperity Bank entered into "a Modification Agreement." James Butcher, the president of Del Mar, signed as a guarantor on the modified note. In addition, Del Mar used a property in Baytown, Texas as collateral for the modified note.

Some time in 2012, Del Mar again defaulted on its monthly payment obligations. Prosperity Bank foreclosed on the property used as collateral. The property was sold for $55,000 at an auction.

On October 18, 2012, Prosperity Bank filed suit against Del Mar and Butcher.[1] Prosperity Bank asserted a breach of contract claim, seeking to recover

---

[1] Because there is no distinction between the claims and arguments of Del Mar Capital, Inc. and those of James Butcher, we will collectively refer to both appellees as "Del Mar" unless context otherwise requires clarification.

the deficiency remaining on the note after the foreclosure on the property. Some months later, Prosperity Bank filed a motion for summary judgment on its breach of contract claim. In support of its motion, Prosperity Bank included an affidavit of Jeff Stacy, "the Pecan Grove Banking Center President of Prosperity Bank"; the original and amended notes; the security agreement for the foreclosed property; and an affidavit of Charles Pignuolo, Prosperity Bank's attorney. The evidence in support of Prosperity Bank's damages consisted of the following from Stacy's affidavit:

> The total deficiency amount (exclusive of attorney's fees and costs) is as follows:

| | |
|---|---|
| Principal | $123,405.18 |
| Interest as of December 31, 2012 | 4,539.55 |
| Late charges and Fees | 16,858.20 |
| TOTAL | 144,802.93 |

> The sums stated above are net of all lawful offsets, payments and credit and are allowed and taken into consideration.

In the response to the motion, Del Mar objected to Stacy's affidavit, arguing that Stacy's sworn statement regarding damages was conclusory. It also argued that the Baytown property had been sold at a grossly inadequate selling price and that, accordingly, Prosperity Bank's recovery should be offset by the amount the property was undersold. As part of its response to the motion for summary judgment, Del Mar included an affidavit from Butcher, asserting that the Baytown

3

property was worth more than $210,000. Del Mar also amended its answer to include a counter-claim for wrongful foreclosure.

The trial court granted Prosperity Bank's motion for summary judgment on its breach of contract claim. The court awarded Prosperity Bank $144,802.93 in damages, excluding attorneys' fees and costs.

Later, Prosperity Bank filed another motion for summary judgment, arguing that it could disprove that the Baytown property was sold at a disproportionate price. For its summary judgment evidence, Prosperity Bank included an appraisal report prepared around the time of the foreclosure sale. That report appraised the value of the property at $47,000.

Prosperity Bank also addressed Butcher's affidavit from the response to the first motion for summary judgment. Butcher had asserted in his affidavit that he had bought the Baytown property in 2007 for $210,000 and that, due to certain circumstances, the value of the property had increased since that time. Prosperity Bank argued in its second motion for summary judgment that this evidence was conclusory; that, because it was conclusory, it could not be considered for summary judgment purposes; and that the only remaining evidence was Prosperity Bank's evidence concerning valuation, showing the sale price to be reasonable.

In its response to the second motion for summary judgment, Del Mar attached the same Butcher affidavit from the first motion for summary judgment.

4

It argued that Butcher's assertions concerning the value of the property created a fact issue preventing summary judgment. Butcher's affidavit asserts, in pertinent part,

- that Butcher has "been in the Real Estate business investing, managing, developing and recapturing properties for over 30 years";

- that the Baytown property "was initially purchased at an extreme value of $210,000 ($10 per square foot) in 2007";

- that, at the time the property was purchased, "it was filled from top to bottom with debris and had substantial remodel cost";

- that "[o]ver $100,000 [had been] invested in the building – cleaning up the building, the title and making the building ready to be repaired for a tenant";

- that the building was once used as a bank and has three safes built into the structure;

- that the safe doors could be sold at a greater value than Prosperity Bank obtained for the entire property; and

- that, "[s]ince the purchase of the property, the City of Baytown has invested millions of dollar improving the street and infrastructure of Texas Ave in the area which the building is located."

The trial court granted Prosperity Bank's second motion for summary judgment. The court dismissed with prejudice Del Mar's claim for wrongful foreclosure.

## Summary-Judgment Evidence

In its first issue, Del Mar complains that the trial court did not rule on its objection to Stacy's affidavit in the first motion for summary judgment, preventing it from raising the issue on appeal. Its objection to Stacy's affidavit was that the statements concerning damages are conclusory. "[A]n objection that an affidavit is conclusory is an objection to the substance of the affidavit that can be raised for the first time on appeal." *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Accordingly, the trial court did not need to rule on this complaint for Del Mar to present it on appeal. Because Del Mar argues in this issue that Stacy's affidavit was conclusory, we will construe the issue as challenging the evidence in support of damages.

In its fourth issue, Del Mar argues that the trial court erred by granting summary judgment on its wrongful foreclosure claim because its evidence raised a fact issue on whether the property was sold at a grossly inadequate price.

### A. Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When a party moves for summary judgment on a claim for which it bears the burden of proof, it must show that it is entitled to prevail on each element of its cause of action. *See Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The party meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial. *Id.* In contrast, a party moving for traditional summary judgment on a claim for which it does not bear the burden of proof must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

To determine whether there is a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors

7

could not.  *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827).  We indulge every reasonable inference and resolve any doubts in the non-movant's favor.  *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

**B.     Analysis**

Our resolution of both issues concerns the same inquiry: whether the evidence in the relevant affidavits was conclusory.  For the first motion for summary judgment, the only evidence of Prosperity Bank's damages—that is, how much of the principal, interest, and other fees remained outstanding on the note—came from Stacy's affidavit.  To have granted summary judgment on the first motion, then, the trial court had to have determined that this evidence was not conclusory.  *See Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (holding conclusory statements in affidavit cannot support summary judgment).  For the second motion for summary judgment, both Prosperity Bank and Del Mar presented evidence of the market value of the Baytown property.  To have granted summary judgment on the second motion, then, the trial court had to have determined that Del Mar's evidence in Butcher's affidavit was conclusory and incapable of raising a fact issue on the matter of market value.  *See id.*

An affidavit from a company officer claiming personal knowledge of the issue and of the company's records can be used to support summary judgment.

8

*Brown v. Mesa Distributors, Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "However, such an affidavit is sufficient summary judgment evidence only when it gives detailed accounts of the facts it attests to or when it provides supporting documents which tend to support the statements made." *Id.* Otherwise the assertions in the affidavit are conclusory. An affidavit is conclusory if it states "a conclusion without any explanation" or asks the factfinder to "take [the affiant's] word for it." *Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 (Tex. 2008).

In *Brown*, the defendant had leased some equipment from a company. 414 S.W.3d at 281. The company later sued Brown for breach of the leasing agreement. *Id.* at 282. In its motion for summary judgment, the company included an affidavit from its president, who asserted that "Brown [had] failed to make payments as required by the lease and '[t]he amount due and owing on the Lease is $13,877.25.'" *Id.* We held that this assertion was conclusory because "the affidavit does not contain any factual support or additional evidence demonstrating how [the president] reached that determination." *Id.* at 287.

Stacy's affidavit suffers from the same defect. While Stacy divided the total amount into three categories—principal ($123,405.18), interest ($4,539.55), and late charges and fees ($16,858.20)—he does not provide sufficient factual support

9

or additional evidence to make these categories any more supported than the final number.

The remaining summary judgment evidence does not fill in any of the remaining evidentiary gaps. The summary-judgment evidence includes the relevant agreements between the parties. Without some showing of what payments were actually made by Del Mar, however, these documents cannot establish the amount of the remaining principal. Similarly, calculation of the interest rate relies on knowledge of the principal remaining at each point of calculation.[2] Finally, there is no evidence of when the late charges were incurred or what any of the other remaining "fees" were.

We hold Prosperity Bank failed to establish each element of its claim as is necessary to obtain summary judgment on its claim. *See Parker*, 98 S.W.3d at 299 (holding party moving for summary judgment on claim for which it bears burden of proof at trial must establish each element of its cause of action as matter of law). We sustain Del Mar's first issue.

In its second motion for summary judgment, Prosperity Bank argued that Butcher's affidavit could not create a fact issue on the value of the Baytown property because (1) Butcher was not qualified as an expert in real estate

---

[2] Additionally, the Modification Agreement contains lengthy and detailed instructions on determining the interest rate. Those instructions include reference to information not contained in the summary-judgment evidence, such as the Wall Street Journal's prime lending rate.

valuations and (2) the affidavit is conclusory and cites no comparable sales in the area. Prosperity Bank cites no law in support of either of these assertions and does not explain how either assertion prevents consideration of Butcher's affidavit. In its brief on appeal, Prosperity Bank only asserts (1) that it "put forth meritorious theories" in its motions for summary judgment, (2) that the trial court "rightfully exercised its discretion in weighing the summary judgment evidence," and (3) that Del Mar had failed to establish any abuse of discretion. Again, Prosperity Bank fails to cite to any legal authority or provide any explanation of how Butcher's affidavit precluded summary judgment.

As an initial matter, the trial court has no discretion in weighing competing evidence in a summary judgment proceeding. It is a basic tenet of law that summary judgment cannot be rendered unless the evidence establishes "*there is no genuine issue as to any material fact* and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." TEX. R. CIV. P. 166a(c) (emphasis added). The only permissible weight to give the evidence is in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). Courts must indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw.*

11

*Elec. Power*, 73 S.W.3d at 215. If a fact issue remains, then summary judgment is inappropriate. *See Vela v. City of Houston*, 186 S.W.3d 49, 52 (Tex. App.— Houston [1st Dist.] 2005, no pet.) (holding fact issue precludes summary judgment).

For Prosperity Bank's assertion that Butcher was not qualified as an expert in real estate valuation, even assuming this is true, it does not prevent summary judgment. Typically, an expert is necessary to testify about the value of real property. *See Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 851–52 (Tex. 2011). An exception to this is called the Property Owner Rule. *Id.* at 852.

The Property Owner Rule, as its name suggests, excepts property owners from the requirement that an expert testify on the valuation of the property. *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 155 (Tex. 2012). This rule also applies to organizations as long as the person testifying is an officer or employee of the entity in a managerial position with duties related to the property. *Speedy Stop*, 337 S.W.3d at 849. Butcher is the president of Del Mar and negotiated the note for the Baytown property. His affidavit shows that he purchased the property and that he has 30 years' experience purchasing, managing, and developing real property. We hold the evidence establishes that Butcher qualifies to testify about the value of the property under the Property Owner Rule.

Finally, we consider Prosperity Bank's assertion that Butcher's affidavit is conclusory and cites no comparable sales in the area. The Property Owner Rule only functions to establish the qualifications of the owner to testify. *Justiss*, 397 S.W.3d at 157. The substance of the testimony must still "meet the 'same requirements as any other opinion evidence.'" *Id.* at 156 (quoting *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984)). As any other evidence, the bare assertions of an expert are conclusory and cannot support a claim. *See id.* (holding that expert's bare assertions cannot support gross negligence finding and that conclusory expert testimony is not relevant evidence). Instead, the witness "must provide the factual basis on which his opinion rests." *Id.* at 159.

We begin our review of whether Butcher's affidavit was conclusory by noting that Properity Bank's assertion that the affidavit did not cite to comparable sales is not dispositive. Comparable sales is one form of establishing the value of a property, but it is not the only evidence that can be offered. *Id.* "*Evidence of price paid*, nearby sales, tax valuations, appraisals, online resources, and *any other relevant factors* may be offered to support the claim." *Id.* (emphasis added).

In his affidavit, Butcher asserted that he purchased the property in 2007 for $210,000. At the time of the purchase, the building "was filled from top to bottom with debris." After the purchase, "[o]ver $100,000 was invested in the building – cleaning up the building, the title and making the building ready to be repaired for

13

a tenant." He also asserted that, "[s]ince the purchase of the property, the City of Baytown has invested millions of dollars improving the street and infrastructure of Texas Ave in the area in which the building is located."

Butcher's affidavit shows, then, that the property was purchased at $210,000 and that, since the time of purchase, the site has been improved along with the streets and infrastructure around it. This is at least some evidence that the Baytown property was worth far more than the $55,000 it was sold for. *See id.* (holding purchase price and other relevant factors can be considered in determining fair market value). Accordingly, a fact issue exists as to the value of the property. Because a fact issue exists, the trial court erred by granting summary judgment on the claim.

We sustain Del Mar's fourth issue.[3]

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

Laura Carter Higley
Justice

---

[3] Because they would not result in greater relief, we do not reach Del Mar's remaining issues. *See* TEX. R. APP. P. 47.1.

14

Panel consists of Justices Higley, Bland, and Sharp.