

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00243-CV

———————————————

ALFRED L. GABER, Appellant

V.

U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 TITLE TRUST, ITS SUCCESSORS AND ASSIGNS, AND FAY
SERVICING, LLC, Appellees

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-301422-18

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After appellant Alfred L. Gaber defaulted on his home-equity loan, the loan's owner—appellee U.S. Bank National Association as Legal Title Trustee for Truman 2016 Title Trust, its Successors and Assigns—successfully sued for a home-equity-foreclosure order. Gaber then sued U.S. Bank and the mortgage servicer, appellee Fay Servicing, LLC, in a separate suit alleging that they lacked capacity to foreclose on the lien and pleading claims for breach of contract and for various statutory violations. U.S. Bank counterclaimed for declaratory relief and an order authorizing foreclosure.

U.S. Bank and Fay Servicing successfully moved for summary judgment on Gaber's claims, and U.S. Bank successfully moved for summary judgment on its counterclaim. In two issues, Gaber challenges the trial court's summary-judgment rulings, arguing that (1) U.S. Bank's counterclaim was impermissible and (2) the summary-judgment evidence established fact issues on each claim. We will affirm.

## I. Background

In May 2007, Gaber executed a "Texas Home Equity Security Instrument" in EquiFirst Corporation's favor to secure the repayment of a "Texas Home Equity Adjustable Rate Note" in the original principal amount of $400,000. In May 2015, Gaber and Wilmington Trust,[1] the then-owner of the note and deed of trust, entered into a loan-modification agreement. Despite this modification, Gaber soon defaulted.

---

[1]Wilmington Trust's full name is Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2.

In September 2016, Fay Servicing wrote to Gaber that the loan was in default and that he had to pay nearly $50,000 to cure the default. The letter also stated that if the default was not cured within 35 days, the note would be accelerated and foreclosure proceedings would begin. When Gaber failed to cure, an attorney for Fay Servicing wrote to him in May 2017 notifying him that the note had been accelerated.

In June 2017, Wilmington assigned its interest in the note and deed of trust to U.S. Bank. U.S. Bank then obtained a home-equity-foreclosure order under Rule 736.[2] *See* Tex. R. Civ. P. 735, 736. The trustee's sale was noticed for August 7, 2018.

The day before the foreclosure sale, Gaber sued U.S. Bank and Fay Servicing in a separate suit, which automatically stayed the sale. *See* Tex. R. Civ. P. 736.11(a). In his petition, Gaber alleged that U.S. Bank and Fay Servicing lacked the capacity to foreclose on his property because they had failed to prove that they were the mortgagee and mortgage servicer, respectively. Gaber further alleged that U.S. Bank and Fay Servicing could not foreclose on the property because U.S. Bank had failed to comply with the filing requirements in Section 505.004 of the Texas Estates Code[3] and the registration requirements in Section 9.001 of the Texas Business

---

[2]A lien securing repayment of a home-equity note may be foreclosed upon only by a court order. *See* Tex. Const. art. XVI, § 50(a)(6)(D).

[3]*See* Tex. Est. Code Ann. § 505.004 (setting out filing requirements for foreign corporate fiduciaries).

Organizations Code.[4] Gaber also pleaded claims against U.S. Bank and Fay Servicing for breach of contract and for violations of the Texas Property Code and the Texas Debt Collection Act. U.S. Bank counterclaimed for (1) an order authorizing it to nonjudicially foreclose on its lien under the power-of-sale provision in the deed of trust and under Section 51.002 of the Property Code[5] and (2) declarations that Gaber had defaulted on the note and deed of trust and that U.S. Bank could thus proceed with a foreclosure sale after it provided "all legally required notices of such a sale" under the note, deed of trust, and Section 51.002.

U.S. Bank and Fay Servicing moved for no-evidence summary judgment and for summary judgment as a matter of law on all of Gaber's claims. U.S. Bank also moved for summary judgment as matter of law on its foreclosure counterclaim. The trial court granted U.S. Bank and Fay Servicing summary judgment on Gaber's claims without specifying the grounds for its ruling and rendered a take-nothing judgment against Gaber. The trial court also granted U.S. Bank summary judgment on its counterclaim and signed an in rem judgment authorizing U.S. Bank (1) to foreclose on its lien and (2) to "conduct a non-judicial foreclosure sale of the Property pursuant to

---

[4]*See* Tex. Bus. Orgs. Code Ann. § 9.001 (requiring foreign entities to register under Chapter 9 and to maintain that registration while transacting business in Texas).

[5]*See* Tex. Prop. Code Ann. § 51.002 ("Sale of Real Property Under Contract Lien").

the terms and conditions of the Security Instrument and in accordance with Property Code Section 51.002 and Tex. Const. Art. XVI, § 50(a)(6)."

Gaber has appealed and challenges the trial court's summary-judgment rulings.

## II. Analysis

Gaber raises two issues: (1) the trial court erred by granting summary judgment for U.S. Bank on an impermissible counterclaim and (2) the trial court erred by granting summary judgment for U.S. Bank and Fay Servicing because the summary-judgment evidence established material fact issues on each claim. We address Gaber's issues in turn.

### A. U.S. Bank's Nonjudicial-Foreclosure Counterclaim

In his first issue, Gaber asserts that Texas Rule of Civil Procedure 736.11(d) bars U.S. Bank's foreclosure counterclaim. *See* Tex. R. Civ. P. 736.11(d) ("If the automatic stay under [Rule 736.11] is in effect, any foreclosure sale of the property is void."); *Steptoe v. JP Morgan Chase Bank, N.A.*, 464 S.W.3d 429, 433 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (explaining that a lender cannot bring a Rule 736 counterclaim in a borrower's suit against the lender because a Rule 736 proceeding "is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement").

Gaber did not raise this argument in his summary-judgment response.[6]

Generally, a nonmovant must expressly present to the trial court any reasons for

[6]U.S. Bank's counterclaim did not seek an expedited foreclosure order under Rule 736 but sought an order authorizing it to nonjudicially foreclose on its home-equity lien under the power-of-sale provision in the deed of trust and under Property Code Section 51.002. *See generally Bank of N.Y. Mellon Tr. Co., N.A. v. Hancock*, No. 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020) ("To non-judicially foreclose under a security instrument with a power of sale, Texas law requires the lender (or the lender's assignee) to demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50 (a)(6) of the Texas Constitution; (3) the borrowers are in default under the note and security instrument; and (4) the borrowers received notice of default and acceleration."); *Santiago v. Cent. Mortg. Co.*, No. 05-14-00552-CV, 2015 WL 1805048, at *7 (Tex. App.—Dallas Apr. 21, 2015, pet. denied) (mem. op.) (affirming judgment authorizing nonjudicial foreclosure of home-equity lien). In his summary-judgment response, Gaber did not argue that Rule 736 barred U.S. Bank's counterclaim. Instead, he argued that U.S. Bank was limited to seeking judicial foreclosure under Texas Rule of Civil Procedure 309, an argument he does not raise on appeal:

> The MSJ seeks inconsistent and impermissible relief . . . in that Defendant seeks a summary judgment allowing Defendant USBank [sic] to proceed with non-judicial foreclosure at the same time it seeks declaratory relief which is not provided in the relevant Texas Rules of Civil Procedure, and Defendant USBank does not seek a judicial foreclosure, which *is* permitted by the applicable Texas Rules of Civil Procedure [Rule 309]. Defendant has not pleaded for a judicial foreclosure nor proven the elements necessary for a summary judgment for judicial foreclosure. Declaratory relief is inappropriate and impermissible with respect to a home[-]equity loan such as the Loan. Defendants and their claimed predecessors in interest have now vouched for three different versions of the Note, and Defendants should not now be granted summary judgment o[n] USBank's counterclaim, when parties claiming a right in the Note have represented the Note differently to three district courts of Tarrant County, Texas. [Footnote omitted.]

6

avoiding the movant's right to summary judgment.[7] *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 (Tex. 1993); *see* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary[-]judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived."). Because Gaber did not raise this argument in his summary-judgment response, he failed to preserve this issue for our review, and we cannot consider it on appeal as a ground for reversal. *See* Tex. R. Civ. P. 166a(c). Accordingly, we overrule Gaber's first issue.

## B. The Trial Court's Summary-Judgment Rulings

In his second issue, Gaber argues that the trial court erred by granting summary judgment for U.S. Bank and Fay Servicing because the summary-judgment evidence established that there were material fact issues that precluded summary judgment. Within this issue, Gaber presents two subissues: (1) U.S. Bank's failure to comply with the Estates Code and the Business Organizations Code precluded summary judgment in U.S. Bank's and Fay Servicing's favor and (2) U.S. Bank and Fay Servicing's

---

[7]"The exception to this general rule is that the non-movant may still challenge on appeal the legal sufficiency of the evidence supporting summary judgment." *Murray v. Pinnacle Health Facilities XV*, No. 01-13-00527-CV, 2014 WL 3512773, at *2 n.4 (Tex. App.—Houston [1st Dist.] July 15, 2014, pet. denied) (mem. op.). This exception does not apply here.

summary-judgment evidence was insufficient, internally inconsistent, and inconsistent with their prior filings. We address Gaber's two subissues in turn.

**1. U.S. Bank's alleged noncompliance with the Estates Code and the Business Organizations Code**

Gaber asserts that because U.S. Bank—"a national banking association believed to be domiciled in Ohio"—failed to comply with the filing requirements in Section 505.004 of the Estates Code, it was barred from filing its Rule 736 application and from defending or enforcing its lien in this suit. *See* Tex. Est. Code Ann. § 505.004. He also argues that U.S. Bank's failure to register in accordance with Section 9.001 of the Business Organizations Code similarly barred U.S. Bank from foreclosing on its lien. *See* Tex. Bus. Orgs. Code Ann. § 9.001. Gaber further contends that by extension, Fay Servicing "cannot lawfully act to threaten[] or seek[] authority for a foreclosure" because its authority is derived from U.S. Bank's authority.

In his petition, Gaber alleged that the Estates Code and the Business Organizations Code barred U.S. Bank and Fay Servicing from foreclosing on his property. But as with his impermissible-counterclaim argument, Gaber did not raise this argument in his summary-judgment response. He thus failed to preserve this issue for our review, and we cannot consider it on appeal as a ground for reversal. *See* Tex. R. Civ. P. 166a(c). We overrule the first of Gaber's two subissues.

8

## 2. U.S. Bank and Fay Servicing's summary-judgment evidence

Gaber next attacks U.S. Bank and Fay Servicing's summary-judgment evidence, arguing that (1) the affidavit supporting U.S. Bank and Fay Servicing's summary-judgment motion was insufficient and (2) their summary-judgment evidence creates a fact issue on his Debt Collection Act and Property Code claims.

### a. The summary-judgment affidavit

In support of their summary-judgment motion, U.S. Bank and Fay Servicing attached the affidavit of Vonterro White, a Trial and Mediation Specialist with Fay Servicing. Gaber raises three objections to White's affidavit: (1) the affidavit fails to show that it was made on personal knowledge and thus did not authenticate the exhibits attached to the affidavit as business records; (2) the affidavit is not clear, positive, direct, and free from contradiction; and (3) the affidavit is conclusory. Gaber raised these objections in his summary-judgment response, but he failed to secure a ruling from the trial court.

To preserve an appellate complaint regarding a formal defect in a summary-judgment affidavit, a party must object to that defect and secure a ruling from the trial court. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–66 (Tex. 2018); *see also* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 166a(f). Gaber's objections that the White affidavit fails to show that it was made on personal knowledge, that the exhibits attached to the

affidavit were not properly authenticated as business records,[8] and that the affidavit is not clear, positive, direct, and free from contradiction are defects in form. *See Albright v. Good Samaritan Soc'y–Denton Vill.*, No. 02-16-00090-CV, 2017 WL 1428724, at *2 (Tex. App.—Fort Worth Apr. 20, 2017, no pet.) (mem. op.) (collecting cases). Because Gaber failed to secure a ruling from the trial court on these objections, he failed to preserve these complaints for our review. *See Seim*, 551 S.W.3d at 166; *see also* Tex. R. App. P. 33.1(a)(2).

Gaber was not required, however, to secure a trial-court ruling on his objection to White's affidavit as conclusory because such an objection asserts a substantive defect rather than a formal one. *See Albright*, 2017 WL 1428724, at *2; *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.); *see also Trinity River Estates, L.P. v. DiFonzo*, No. 2-08-393-CV, 2009 WL 1506928, at * 3 (Tex. App.—Fort Worth May 28, 2009, no pet.) (mem. op.) ("To constitute competent summary[-]judgment evidence, the testimony must provide an explanation linking the basis of the conclusion to the facts"). "An affidavit that states only legal or factual conclusions

---

[8]The attached exhibits consisted of copies of the note, the deed of trust, the "Texas Home Equity Affidavit and Agreement," the deed-of-trust assignments, the loan-modification agreement, the notice-of-default letter, the notice-of-acceleration letter, a screenshot showing the reinstatement amount, and the payoff statement.

without providing factual support is not proper summary[-]judgment evidence because it is not credible or susceptible to being readily controverted." *Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Gaber's argument—as we understand it—is that White's statement that U.S. Bank is the current mortgagee[9] under the deed of trust is conclusory because the deed-of-trust assignments do not match the note's indorsements. The note's indorsements and the deed-of-trust assignments prove that U.S. Bank is the current noteholder and the owner of the deed of trust.[10] But, as Gaber points out, the note's indorsements show that Barclays Bank PLC was once the note's holder, even though White's affidavit and the deed-of-trust assignments reflect that Barclays Bank has never owned the deed of trust.

But this mismatch is irrelevant because the note and deed of trust are not required to "travel together." *Worthing v. Deutsche Bank Nat'l Tr. Co. for Agent Sec. Inc.*, 545 S.W.3d 127, 136 (Tex. App.—El Paso 2017, no pet.) (concluding that the

---

[9]When, as here, "the security interest has been assigned of record," the "mortgagee" is "the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4)(C).

[10]U.S. Bank was not required to introduce the home-equity note as summary-judgment evidence because it was seeking to nonjudicially foreclose on its lien under the deed of trust's power-of-sale provision and the Property Code. *See Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 314 (Tex. App.—Dallas 2013, pet. denied). *See generally Farkas v. Aurora Loan Servs., LLC*, No. 05-12-01095-CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, pet. denied) (mem. op.) (explaining that when "a debt is memorialized by a note and a lien, the note and lien constitute two separate bundles of rights and obligations," and that a nonjudicial foreclosure "enforces the deed of trust, not the underlying promissory note").

11

"differing routes" that the note and deed of trust took from original lender to mortgage-loan trust was insufficient to create a material fact issue on trustee's authority to foreclose on the deed of trust). The deed-of-trust assignments attached to White's affidavit support his affidavit testimony tracing the assignment chain from EquiFirst to U.S. Bank. His statement that U.S. Bank is the current mortgagee is thus not conclusory.

We overrule this part of Gaber's second subissue.

### b. Gaber's Property Code and Debt Collection Act claims

Gaber next asserts that U.S. Bank and Fay Servicing's summary-judgment evidence and judicial admissions created fact issues on his Property Code and Debt Collection Act claims.[11] U.S. Bank and Fay Servicing moved for no-evidence summary judgment and for summary judgment as a matter of law on these claims. When, as here, a party moves for summary judgment under both Rules 166a(c) and 166a(i) and the trial court grants summary judgment without specifying upon which provision it relied, we will first review the trial court's judgment under Rule 166a(i)'s standards. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If Gaber failed to produce more than a scintilla of evidence under the Rule 166a(i) standard, we need not analyze whether U.S. Bank and Fay Servicing's summary-judgment proof satisfied their Rule 166a(c) burden. *See id.*

---

[11]On appeal, Gaber presents no issue or argument challenging the summary judgment on his other claims.

12

Under Rule 166a(i), after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

We review a no-evidence summary judgment de novo. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-

evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In his petition, Gaber pleaded that U.S. Bank and Fay Servicing had violated Section 392.304(a)(8) of the Debt Collection Act because they misrepresented the "character, extent, or amount of a consumer debt" in the Rule 736 proceeding. *See* Tex. Fin. Code Ann. § 392.304(a)(8).[12] To prevail on his Debt Collection Act claim, Gaber must prove that (1) the debt at issue is a consumer debt; (2) U.S. Bank and Fay Servicing were debt collectors within the meaning of the Act; (3) U.S. Bank and Fay Servicing committed a wrongful act in violation of the Act; (4) the wrongful act was committed against Gaber; and (5) the wrongful act injured him. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).

Regarding this claim, U.S. Bank and Fay Servicing asserted—among other no-evidence grounds—that there was no evidence that their alleged wrongful acts caused Gaber damages. *See* Tex. Fin. Code Ann. § 392.403(a)(2) (setting out as a Debt Collection Act element "actual damages sustained as a result of a violation of this chapter"). The only summary-judgment evidence Gaber attached to his response consisted of copies of the home-equity note attached to White's affidavit and copies

---

[12]Section 392.304(a)(8) provides that "in debt collection . . . a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt . . . in a judicial or governmental proceeding." Tex. Fin. Code Ann. § 392.304(a)(8).

of the note he claims were used in prior Rule 736 proceedings.[13] This was insufficient to raise a genuine, material fact issue on damages. And Gaber did not point the trial court to any of U.S. Bank and Fay Servicing's summary-judgment evidence that raised a genuine, material fact issue on damages. *See Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at \*3 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.) (explaining that "even though evidence is before the trial court that, if produced by the nonmovant, would require the court to deny the no-evidence summary judgment," that evidence must be ignored if "it was not pointed out to the trial court by the nonmovant"). The trial court thus did not err by granting summary judgment on Gaber's Debt Collection Act claim.

We likewise hold that the trial court did not err by granting summary judgment on Gaber's Property Code claim. In support of this claim, Gaber pleaded that U.S. Bank and Fay Servicing had violated Section 51.002 by sending him default and acceleration notices and by filing the Rule 736 petition because they were not the mortgagee and mortgage servicer, respectively, and thus lacked the capacity to foreclose. *See* Tex. Prop. Code Ann. § 51.002(b), (d); *see also id.* § 51.0001(4), (5) (defining "mortgagee" and "mortgage servicer"). As with Gaber's Debt Collection Act claim, U.S. Bank and Fay Servicing asserted—among other no-evidence grounds—that there was no evidence that their alleged Property Code violations

---

[13]According to Gaber, before the Rule 736 proceeding giving rise to this suit, Wilmington's predecessor in interest had filed a Rule 736 proceeding.

caused Gaber to suffer damages, and Gaber failed to produce or point to any evidence that raised a genuine, material fact issue on damages.[14]

Having concluded that the trial court properly granted summary judgment on no-evidence grounds, we need not address whether it erred by granting summary judgment on traditional grounds. *See Ridgway*, 135 S.W.3d at 600; *see also* Tex. R. App. P. 47.1. We thus overrule the rest of Gaber's second subissue, and as a result, we overrule Gaber's second issue.

### III. Conclusion

Having overruled Gaber's two issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 3, 2020

---

[14]We assume without deciding that Property Code Section 51.002 authorizes an independent cause of action. *But see Anderson v. CitiMortgage, Inc.*, No. 4:13CV369, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) ("Under Texas law, there is no independent cause of action for breach of section 51.002. . . . A violation of this section might allow a claim for wrongful foreclosure, but there is no allegation that a foreclosure sale of the Property has occurred." (citations omitted)).